IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LENELLE GRAY, ) | CASE NO. 1:09 CV 1713 |
| ) | (1:05 CR 143) |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | MEMORANDUM OPINION |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #39 in Case No. 1:05 CR 143.) The Government filed a Motion to Dismiss. (Docket #40 in Case No. 1:05 CR 143.) For the reasons set forth below, the Government's Motion to Dismiss is hereby GRANTED. Petitioner's Motion is DISMISSED.

**Factual and Procedural Background**

On March 22, 2005, a Federal grand jury in Cleveland, Ohio returned a three count indictment against Lenelle Gray in Case Number 1:05CR143. The indictment charged him in Counts One and Two with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841, and in Count Three with using a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

On June 6, 2005, Mr. Gray entered a guilty plea to all counts of the indictment. On September 2, 2005, he was sentenced to 84 months incarceration on Counts One and Two, and a sentence of five years consecutive Count Three.

On September 9, 2005, Mr. Gray filed a Notice of Appeal from the judgment entered on September 8, 2005. On October 18, 2005, Court appointed counsel filed a Notice of Appeal from the judgment entered on September 8, 2005. The Sixth Circuit Court of Appeals issued an order on January 23, 2006, dismissing the appeal filed on September 9, 2005 as a duplicate appeal. On October 20, 2006, the Sixth Circuit Court of Appeals issued an order dismissing the remaining appeal pursuant to a motion for voluntary dismissal.

On July 24, 2009, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner sets forth three grounds for relief:

| | |
|---|---|
| Ground One: | The Court's violation of Federal Rule of Criminal Procedure II. |
| Supporting Facts: | The Court did not advise me, Lenelle Gray, of all my constitutional rights when accepting my guilty plea. Therefore I did not knowingly and voluntarily accept the guilty plea because I was not aware of all of my rights especially since I was waiving those rights. The plea transcripts explains [sic] what rights the Court addressed and also what rights it did not address. |
| Ground Two: | Violation of my Fifth Amendment right against self incrimination. |
| Supporting Facts: | My Fifth Amendment right was violated due to the fact that I was not advised of all my Constitutional rights before accepting a guilty plea so therefor [sic] I was forced into self incrimination because I was not afforded the opportunity to knowingly and voluntarily accept the guilty plea. Had I been advised of all my rights then I would have been able to make a knowingly and voluntary plea or no plea at all. |
| Ground Three: | The Federal Government's lack of exclusive territorial and |

|   |   |
|---|---|
| Supporting Facts: | subject matter jurisdiction.<br>The Federal Government lacked jurisdiction to convict and prosecute me due to the fact that the land in which the alleged crime committed took place on land that has not been ceded to the Federal Government and in all actuality is sovereign state land. The United States Constitution states that the only way state jurisdiction can be ceded to the government is by the state legislature this can be found on Article I Section 8 Clause 7 of the U.S. Constitution. |
| Ground Four:<br>Supporting Facts: | Ineffective Assistance of Counsel.<br>My counsel was ineffective due to the fact that my lawyer did not oppose the unjust indictment or sentence or plea, while knowing that the Government lacked jurisdiction to prosecute me. He actually aided the Government in a false and void judgement against me and therefore he was ineffective counsel. |

On July 30, 2009, the Government filed its Motion to Dismiss Petitioner's Motion to Vacate, Set Aside or Correct Sentence. (Docket #40.) The Government moves the Court to dismiss this case, stating that the one-year period of limitation for filing habeas corpus petitions under 28 U.S.C. § 2255 has run. On October 20, 2006, the Sixth Circuit Court of Appeals issued an order dismissing Mr. Gray's appeal pursuant to a motion for voluntary dismissal. His conviction became final ninety days after the issuance of the dismissal order by the Sixth Circuit Court of Appeals, January 18, 2007. On July 24, 2009, more than two years after his conviction became final, Mr. Gray filed his Section 2255 Petition. Therefore, the Government argues that his Petition is time-barred and his Motion should be dismissed.

In addition to the above, the Government states that Mr. Gray has not presented any newly discovered evidence or a new rule of constitutional law made retroactive to his case and, therefore, that his Petition is subject to dismissal.

On September 8, 2009, Mr. Gray filed his Response to the Government's Motion to Dismiss. (Docket #43.) Mr. Gray argues that his guilty plea was not entered intelligently and

-3-

voluntarily. Mr. Gray asserts that the Court failed to engage in dialogue sufficient to comply with Fed. R. Crim. P. 11 and, therefore, erred in accepting his guilty plea. Further, Mr. Gray argues that the Government lacked exclusive territorial jurisdiction and subject matter jurisdiction over his case and that the crimes charged in the indictment were false.

### Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

28 U.S.C. § 2255(f) states as follows:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Gray's Motion pursuant to 28 U.S.C. § 2255 was filed well outside the one-year

statute of limitations period. Accordingly, the case must be dismissed. Further, even if Mr. Gray had filed his Motion within the limitations period, there is no basis upon which to find that Mr. Gray's constitutional rights were violated and there is no newly discovered evidence or retroactive law supporting his Motion.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner

must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Mr. Gray has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural ruling. Accordingly, the Court declines to issue a certificate of appealability.

### Conclusion

For the reasons set forth above, the Government's Motion to Dismiss (Docket #40 in Case No. 1:05 CR 143) is hereby GRANTED. Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #39 in Case No. 1:05 CR 143) is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 16, 2009