UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:05 CV 143 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| LENELLE GRAY, ) | MEMORANDUM OPINION |
| Defendant. ) | AND ORDER |

This matter comes before the Court upon Defendant, Lenelle Gray's Motion seeking a four point reduction in his criminal history category to eliminate points attributed to his criminal history category for committing another crime while on probation, and within two years of being released from prison for another offense. The government has not yet responded to Mr. Gray's Motion. For the reasons set forth below, the Defendant's Motion is hereby, DENIED.

The 2010 Guideline Amendment Five which became effective on November 1st, 2010, sought, among other things, to eliminate the assessment of extra points attributed to a defendant when the relevant crime is committed less than two years after release from imprisonment, pursuant to the U.S. Sentencing Guidelines, Chapter 4, section 4A1.1 (e). The amendment to the guidelines proposed in May of 2010 sought to eliminate these extra "recency" points when determining a defendant's criminal history category.[1]

Sentencing courts are statutorily prohibited from applying a guideline amendment

---

[1] The Amendment was to become effective November 1, 2010, absent congressional action to the contrary.

retroactively unless the Commission has designated that amendment for retroactive application through an applicable policy statement. 18 U.S.C. § 3582(c)(2). In order to maintain clarity as to its intent with regard to retroactivity, the Sentencing Commission lists amendments it intends to be applied retroactively in subsection (c) of USSG § 1B1.10. The court has seen no indication that the amendment to USSG § 4A1.1(e) has been included in the list of retroactive amendments set forth in USSG § 1B1.10(c), or that there has been any intent to retroactively apply any change to the number of points allocated for the commission of a crime while on probation. It appears from the updates available through the Sentencing Commission that the retroactivity of the relevant amendment is under review, but at this juncture there has been no determination that it should be applied retroactively. This Court is, therefore, unable to reduce Mr. Gray's sentence based upon a retroactive application of the amendment affecting the "recency" points accounted for in the calculation of his criminal history category. His motion (ECF #78) is therefore DENIED. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 1, 2011