UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.    1:05  CR 143 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| LENELLE GRAY, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant's motion to modify sentence based on The Sixth Circuit's holding in *United States v. Blewett,* __ F.3d __, 2013 WL 2121945 (6th Cir., May 17, 2013).  (ECF #106).  On December 3, 2013, the Sixth Circuit decided and filed an *en banc* opinion reconsidering the prior decision.  The *en banc* panel held in *United States v. Blewett*, ___ F.3d ___, 2013 WL 6231727, *2-3 (6th Cir. Dec. 3, 2013) that the Fair Sentencing Act's new mandatory minimums do not apply retroactively to defendants who were sentenced prior to the FSA's effective date. This holding was found to be "[c]onsistent with a 142-year-old congressional presumption against applying reductions in criminal penalties to those already sentenced," consistent with 1 U.S.C. § 109, consistent with the views of a unanimous Supreme Court as articulated in *Dorsey v. United States*, 132 S.Ct. 2321, 2332 (2012), "consistent with the decisions of every other court of appeals in the country, and consistent with dozens of [the Sixth Circuit's] own decision."  Further, the Court held that the failure to apply the mandatory minimums retroactively does not violate the United States Constitution, and § 3582(c)(2) of the Sentencing Reform Act of 1984 does not provide a valid means of circumventing this

interpretation. As the Defendant in this case has sought relief based solely on the holding of the prior *Blewett* case, and that decision has been emphatically overturned by the *en banc* panel, Defendant is not entitled to the relief sought and his motion (ECF # 106) is hereby denied. IT IS SO ORDERED.

      /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  January 6, 2014